# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bryan K. DiCesare | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Transport Leasing/Contract Inc, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| | | |
|---|---|---|
| 07/31/2017 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200  Ext-104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bryan Dicesare

## DEFENDANTS

Transport Leasing/Contract Inc, The Labor Source, Payroll Plus Corporation, R.H.S Trucking LLC, Robert Slotter, Kimberly Scwartz & John Does

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hennepin, MN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary  Schafkopf, Esq; Schafkopf Law LLC; 11 Bala Ave, Bala Cynwyd PA 19004; 610-664-5200; Matthew Weisberg, Esq; Wesiberg Law; 7 S. Morton Ave, Morton PA,19070; 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ❏ 2 | U.S. Government Defendant | ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer |
| | | | | | ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331.
Brief description of cause:
Defendants retaliatory and wrongfully terminated Plaintiff's employment.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
09/18/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _1526 Paxford Road, Allentown, PA 18103_

Address of Defendant: _6160 Summit Drive, N suite 500, Brooklyn Center, MN 55430_

Place of Accident, Incident or Transaction: _Lehigh County in Pennsylvania_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _GARY SCHAFKOPF_, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _9-19-17_     _____ Attorney-at-Law     _83362_ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9-19-17_     _____ Attorney-at-Law     _83362_ Attorney I.D.#

CIV. 609 (5/2012)

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN K. DICESARE**<br>1526 Paxford Road<br>Allentown, PA 18103 | :<br>:<br>:<br>: **No.**<br>: |
| **Plaintiff,**<br>**v.** | : **JURY TRIAL OF TWELVE (12)**<br>: **DEMANDED**<br>: |
| **TRANSPORT LEASING/CONTRACT,**<br>**INC d/b/a TLC COMPANIES**<br>6160 Summit Drive. N. Suite 500<br>Brooklyn Center, MN 55430 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| **THE LABOR SOURCE, INC d/b/a TLC**<br>**COMPANIES**<br>6160 Summit Drive. N. Suite 500<br>Brooklyn Center, MN 55430 | :<br>:<br>:<br>: |
| and | :<br>: |
| **PAYROLL PLUS CORPORATION**<br>**d/b/a TLC COMPANIES**<br>6160 Summit Drive. N. Suite 500<br>Brooklyn Center, MN 55430 | :<br>:<br>:<br>: |
| and | :<br>: |
| **R.H.S. TRUCKING, LLC**<br>6662 Hay St,<br>Center Valley, PA 18034 | :<br>:<br>: |
| and | :<br>: |
| **ROBERT SLOTTER** | : |

6662 Hay St,
Center Valley, PA 18034

and

**KIMBERLY SCWARTZ**
6662 Hay St,
Center Valley, PA 18034

and

**JOHN DOES**

**Defendants.**

## CIVIL ACTION

### PARTIES

1. Plaintiff, Bryan K. Dicesare is an individual residing at the above captioned address and citizen of Pennsylvania.

2. Defendant, Transport Leasing/Contract, Inc d/b/a TLC Companies is incorporated as a for-profit corporation in the state of Indiana with principal place of business in the state of Minnesota located at the above captioned address.

3. Defendant, The Labor Source, Inc. d/b/a TLC Companies is incorporated as a for-profit corporation in the state of Indiana with principal place of business in the state of Minnesota located at the above captioned address.

4. Defendant, Payroll Plus Corporation d/b/a TLC Companies is a general corporation in the state of Delaware with principal place of business in the state of Minnesota located at the above captioned address.

5. Defendant, R.H.S. Trucking LLC is a Limited Liability Company incorporated in the commonwealth of Pennsylvania doing business at the above captioned address.

6.  Defendant, Robert Slotter is an individual and owner of R.H.S. Trucking, doing business at the above captioned address.

7.  Defendant, Kimberly Scwartz is an individual and office manager at R.H.S. Trucking, doing business at the above captioned address.

8.  Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

### JURISDICTION AND VENUE

9.  Venue is proper in the in The United States District Court Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

10. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

11. All conditions precedent, including the EEOC Right to Sue, have been satisfied. EXHIBIT A

### OPERATIVE FACTS

12. Defendants, The Labor Source, Inc., Payroll Plus Corporation, and R.H.S. Trucking LLC, are corporations which, at all times material, acted individually, and/or as an agent, servant, workman, and/or employee of the Defendant, Transport Leasing/Contract, Inc. d/b/a TLC Companies.

13. Plaintiff, Bryan K. Dicesare, worked as a full-time truck driver for Defendants, TLC Companies and R.H.S Trucking LLC from April 9, 2015 to March 23, 2016. EXHIBIT B

14. Defendant, R.H.S Trucking LLC is a subsidiary of Defendant, TLC Companies which reports and gets approval to hire employees, insures employees, provides medical, health and work compensation benefits through Defendant, TLC Companies.

15. Plaintiff's immediate supervisor at R.H.S Trucking LLC was Defendant, Robert Slotter and office manager, Defendant Kimberly Scwartz.

16. On or about Spring 2016, Plaintiff noticed inconsistences between the mileage logs that Plaintiff submitted to the Defendants and his payroll.

17. Plaintiff informed Defendant, Robert Slotter owner of R.H.S. Trucking LLC, of the inconsistencies between mileage and his paycheck. Defendant, Kimberly Scwartz told Plaintiff that She was not happy with the way Plaintiff handled the issue.

18. On or about March 16, 2016 Plaintiff requested and was approved to take family medical leave for two (2) weeks in order to care of his disabled ill mother.

19. Plaintiff was eligible for the leave under the Family Medical Leave Act because his employer, TLC Companies, has over 50 employees, and all other requirements were met and verified through DOT (Pennsylvania Department of Transportation Driving Log) and other legal documents.

20. On or about April 3, 2016, while out on family medical leave and without any notice from Defendants, TLC Companies and/or R.H.S Trucking, Plaintiff received a letter from the employer's third party representative health insurance company, High Mark Blue Shield, that Plaintiff's health insurance had been cancelled. EXHIBIT C

21. Upon receiving the letter, Plaintiff attempted to contact Defendants, R.H.S Trucking LLC and Robert Slotter, but Defendant, Robert Slotter did not respond to Plaintiff's call.

22. On or about April 3, 2016, Plaintiff contacted Defendant, TLC Companies Personnel Department Representative, the personnel representative told Plaintiff, that TLC Companies had been advised by Defendant, R.H.S Trucking LLC office via fax, that Plaintiff had been terminated.

23. On or about April 6, 2016, Plaintiff spoke via telephone to Defendant, Robert Slotter. who stated that he knew nothing about the communication to TLC Companies representative.

24. During the conversation Plaintiff asked Robert Slotter for a two-week extension of his leave of absence which Defendant, Robert Slotter approved.

25. On or about April 15, 2016, Plaintiff received a letter terminating his employment with Defendant, TLC Companies with an effective date of March 23, 2016, the first day Plaintiff exercised his right to use Family Medical Leave. EXHIBIT D

26. On or about April 17, 2017, Plaintiff filed for unemployment compensation with the Pennsylvania Department of Labor. EXHIBIT E

27. On or about May 15, 2016, Plaintiff received a Notice of Determination from Pennsylvania Department of Labor and Industry office of unemployment compensation benefit stating that Defendants claimed Plaintiff voluntarily quit and the reason was "No Call/No Show' by Plaintiff. EXHIBIT F

28. On or about May 24, 2016, Plaintiff filed a petition for appeal because the aforementioned reason was misleading, distorted and fallacious, that TLC Companies

and R.H.S Trucking LLC gave to PA Unemployment Compensation to avoid having to pay compensation to Plaintiff.

29. On or about April 19, 2017 Plaintiff, filed a complaint with EEOC and was given a letter of right to sue. See EXHIBIT A

30. Defendant, TLC Companies' unlawful actions were the direct and proximate cause of the termination of Plaintiff, Bryan Dicesare, while exercising his right of leave of absence under the FMLA Act.

31. Defendants contested Plaintiff' unemployment benefits application, while unlawfully and maliciously provided false statements to the Pennsylvania Department of Labor and Industry to avoid paying Plaintiff's unemployment benefit.

32. On or about June 17, 2016, an appeal hearing was held with PA Unemployment Compensation Board of Review, testimony and evidence presented, along with sworn witness testimony, and cross examination of witnesses and document put on record. The inconsistences in testimony, false statement and no evidence to prove the validity of Defendants' statements are recorded.

33. On or about June 17, 2016, the Pennsylvania Department of Labor and Industry Board of Review made reversed its pervious decision and granted benefits to Plaintiff. EXHIBIT G

34. On or about August 20, 2017, Plaintiff sent a demand letter to Defendants requesting settlement of the issue before going forward with the official complaint. EXHIBIT H

35. On or about September 1, 2017, Plaintiff received a respond to demand letter from Defendants claiming Plaintiff was not an eligible employee of TLC Companies for family medical leave. EXHIBIT I

36. Plaintiff has documents proving his employment with TCL Companies and his eligibility of the FMLA.

37. Defendants jointly and/or severally undertook and/or assumed liability once they hired Plaintiff.

38. Plaintiff believes Defendants, Kimberly Scwartz and Robert Slotter retaliated against him after Plaintiff discovered the inconsistencies between his mileage logs and his paychecks.

39. All Defendants know or should have known that their action would harm Plaintiff.

40. Plaintiff continues emotional and financial harm due to Defendants action.

## COUNT I
## RETALIATION AND EMPLOYMENT DISCRIMINATION, AS AMENDED BY THE CIVIL RIGHTS ACT 1991 [Title VII]

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

42. Defendants retaliated against Plaintiff for opposing the aforesaid inconsistencies between reported mileage logs and payments.

43. Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
## WRONGFUL TERMINATION

44. Plaintiffs incorporate the foregoing paragraphs as if fully set forth at length herein.

45. Plaintiff, Bryan Dicesare was employed by Defendants.

46. Plaintiff was laid off for discriminatory and/or retaliatory reasons after he reported matters of inconsistencies.

47. As a result of Defendants' actions, Plaintiff has sustained damages, as set forth above.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

      a.   Statutory damages;

      b.   Punitive damages;

      c.   Compensatory damages, including;

          i.   Actual damages for financial and physical injuries, and emotional distress;

      d.   Attorneys' fees and expenses, costs of suit, and equitable relief;

Respectfully Submitted,

WEISBERG LAW                SCHAFKOPF LAW, LLC

BY: /s/ Matthew Weisberg        BY: _Gary Schkpf_
MATTHEW B. WEISBERG, ESQ     GARY SCHAFKOPF, ESQ.
DATED: _9-19-17_            DATED: _9-19-17_

# EXHIBIT A

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bryan K. Dicesare<br>1526 Paxford Road<br>Allentown, PA 18103 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-02333 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____          6/23/17
Spencer H. Lewis, Jr.,                    _____
District Director                         *(Date Mailed)*

cc:   **TLC COMPANIES**
      **Diane Hofstadter**
      **Company Representative**
      **6160 Summit Drive N**
      **Suite 500**
      **Brooklyn Center, MN 55430**

# EXHIBIT B



**DRIVER'S EMPLOYEE REPRESENTATION**

☐ TLC Payroll Plus Corporation
811 Washington Av
PO Box 11
Detroit Lakes, MN  56502-11
800-825-3632  Fax 877-227-80

Corporate Office
6160 Summit Drive N., Ste. 500
Brooklyn Center, MN 55430  877-248-8360

☐ Transport Leasing Contract, Inc
325 South Calumet Road, Suite
Chesterton, IN 463
800-926-8440  Fax 219-926-98

I understand and accept that the following are conditions of being an employee of Transport Leasing/Contract, Inc. ("TLC"):

1. I will adhere to Federal and State Department of Transportation regulations.

2. I am an employee of TLC on loan/lease to the Lessee to whom I am assigned.

3. Any on-the-job injury I suffer will be immediately reported to TLC so they may file a worker's compensation report of injury to the Indiana Worker's Compensation Board.

4. I shall call in for reassignment within 72 hours if the Lessee that I am assigned to has its service agreement with TLC cancelled for any reason; the Lessee releases me for lack of work; the Lessee has a temporary work slowdown; or I quit my assignment with Lessee. If I do not call TLC, I will be classified as a 'voluntary termination' for unemployment compensation claim purposes.

<u>**Reassignment Phone Number is 1-800-926-8440**</u>

5. There shall be no alterations or repairs done on any of Lessee's equipment without Lessee's prior approval.

6. Any unauthorized alteration of this agreement by Employee or Client, will make the agreement null and void and employment with TLC Companies will terminate immediately.

7. I acknowledge having received, agree to familiarize myself with and acknowledge my responsibilities under the Federal Motor Carrier Safety Regulations Pocketbook and the Employee Handbook

**With my signature below, I hereby certify that I have read and understand this EMPLOYEE REPRESENTATION.**

**I ALSO ACKNOWLEDGE THAT I WAS GIVEN A COPY OF THIS SIGNED EMPLOYEE REPRESENTATION FOR MY RECORDS. If any of the conditions do not meet with my approval, I will not accept employment or will resign my employment immediately.**

_Bry K DiC_____          _4-9-2015_____
Signature                                                      Date

_Bryan K. DiCesare_____
Print Name

**EMPLOYEE'S COPY**

Revised 7/7/2005

# EXHIBIT C



**HIGHMARK**
HEALTH INSURANCE COMPANY

PO Box 890172
Camp Hill PA 17089-0172

Bryan K. DiCesare
1526 Paxford Road
Allentown, PA 18103



| ID Number | Member(s) | Previous Group Number | Offer Date |
|-----------|-----------|----------------------|-----------|
| 1013575030010 | SELF | 08410983 | 04 01 2016 |

This is to notify you that your health insurance plan is ending for you and your dependent(s) noted above. However, you are eligible to apply for an individual plan that fits your needs. Please call Member Service at the number on the back of your ID card within 10 days of the date of this letter to discuss the options below. Hearing-impaired TTY users may call 711.

You have two options for buying a plan. Choosing a plan depends on when you want your new plan to start:

### Option 1: Conversion plan with no gap in coverage

If you are losing group coverage that offers conversion as an option, you can buy a plan directly through Highmark Health Insurance Company.

- Choosing this plan will prevent a gap in your coverage. That's because it starts the day after your group plan ends.
- If you enroll in this plan, you will not be eligible for financial help that may be available on the Health Insurance Marketplace, including Cost-sharing Reductions or Advanced Premium Tax Credits.
- We must receive your application and first premium payment for your conversion plan within <u>60 days from the date your group plan ends.</u>

### Option 2: Shop for other plans

You can buy a plan directly through Highmark or through the Health Insurance Marketplace.

- If you enroll in a plan:
  - Between the 1st and the 15th day of the month, your plan will start on the first day of the following month.
  - Between the 16th day and the end of the month, your plan will start on the first day of the second month after you enroll.
  - In either case, you may not be covered from the day your current plan ends until the day your new plan begins.
- Depending on your household income and other factors, you may be eligible for financial help through the Health Insurance Marketplace. There are two types available: Cost-Sharing Reductions or Advanced Premium Tax Credits.[1]
- You must enroll within <u>60 days from the date your current plan ends, including submitting your application and first premium payment.</u> Your coverage will continue if you pay your premium on time. It will end if you choose to cancel your plan?

CNOL09 (11/15)

Highmark Health Insurance Company is an Independent Licensee of the Blue Cross and Blue Shield Association

000323
0001 0001

# EXHIBIT D



April 15, 2016

Mr. Bryan K. Dicesare
1526 Paxford Rd
Allentown, PA 18103

Dear Bryan,

We are advised that effective March 23, 2016 you are no longer working for our client RHS Trucking, this also means that you are no longer an employee of Transport Leasing/Contract, Inc. We may have other positions available within Transport Leasing/Contract, Inc. and would like to continue working with you.

Please contact our **Recruiting Department** at (800)926-8440, so we can discuss possible reassignment options with you.

If you were enrolled in any of the company's benefit plans please review your Summary Plan Description booklets for conversion or portability obligations.  Some plans require you to apply on your own for conversion or portability of coverage within 31 days of voluntary or involuntary termination, with no further notice from Transport Leasing/Contract, Inc. However, if "COBRA" continuation of coverage applies you will receive separate notification of your rights and responsibilities.

Sincerely,

Transport Leasing/Contract, Inc.
Personnel Department

# EXHIBIT E



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW
LABOR AND INDUSTRY BUILDING
HARRISBURG, PENNSYLVANIA 17121
PHONE: 717-787-5122   FAX: 717-787-6125

JS

BD-58
REV 3/12

### DECISION AND ORDER

| APPEAL NO. | S.S. ACCT. NO. | DECISION NO. | ORDER MAILING DATE |
|---|---|---|---|
| B-16-09-B-3391 | 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 | B-591416 | AUGUST 12, 2016 |

| CONCERNING THE CLAIM OF: | EMPLOYER |
|---|---|
| BRYAN K DICESARE<br>1526 PAXFORD ROAD<br>ALLENTOWN PA 18103 | RHS TRUCKING<br>6662 HAY STREET<br>CENTER VALLEY PA 18034 |

| DATE AND NATURE OF REFEREE'S DECISION | DATE OF APPLICATION FOR BENEFITS | WAITING WEEK ENDING DATE |
|---|---|---|
| 6/27/2016-Eligible under Section 402(b). | 4/17/2016 | 4/23/2016 |
| | COMPENSABLE WEEK ENDING DATE(S) | |

APPEAL FROM REFEREE'S DECISION FILED BY:

☐ CLAIMANT   ☒ EMPLOYER   ☐ DEPT

## FINDINGS OF FACT:

1. The claimant worked as a full-time truck driver for RHS Trucking from April 19, 2015, through March 23, 2016, earning $0.48 per mile.

2. After his last day of work, the claimant went on an approved two-week leave of absence in order to make his home accessible for his mother, who the claimant was trying to have moved from a nursing home to the claimant's home.

3. The claimant apparently was ineligible for leave under the Family Medical Leave Act because the employer had less that fifty employees.

4. The claimant informed the employer that the renovations on his home were falling behind and that he would need an extension of his leave of absence until April 11, 2016.

5. The claimant received a letter from the employer's third party employment representative that his insurance had been cancelled.

6. The claimant attempted to contact the employer's owner, but the owner did not respond to the claimant's calls.

# EXHIBIT F

|  |  |
|---|---|

The final day to timely appeal to this
determination is May 31,2016.

| SSN: | 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 |
|---|---|
| Type Claim: | UC |
| AB Date: | April 17,2016 |
| Mailed On: | May 13,2016 |
| Page: | 1 of 3 |

# NOTICE OF
# DETERMINATION

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
OFFICE OF UC BENEFITS

**CLAIMANT:**

BRYAN K. DICESARE
1526 PAXFORD ROAD
ALLENTOWN PA 18103

**EMPLOYER:**

R H S TRUCKING C/O THOMAS & CO
P O BOX 280100
NASHVILLE TN 37228-2366

## FINDINGS OF FACT

1. The Claimant last worked on 3/23/2016.
2. The Claimant voluntarily quit because he was a no call no show.
3. There was insufficient information provided to indicate whether the Claimant had a necessitous and compelling reason for voluntarily leaving the job.

## DISCUSSION

In situations where the Claimant voluntarily quits, the burden is on the Claimant to show that he had a necessitous and compelling reason for leaving the job in order to qualify for benefits. If there were alternatives to resolve the situation that caused the separation, the Claimant must show that he exhausted all alternatives prior to voluntarily leaving the job. In this case, there was insufficient information received to indicate whether the Claimant had a necessitous and compelling reason for quitting. As such, the Claimant has not sustained his burden of proof and benefits must be denied under Section 402(b).

## DETERMINATION

The Claimant is ineligible for benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law beginning with waiting week ending 4/23/2016.

**UC Representative:  D. Antignani**

### APPEAL INSTRUCTIONS

**The last day to timely appeal this determination is: May 31,2016.**

Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless you file an appeal. For your appeal to be timely, it must be filed within fifteen calendar days after the mailing date shown on the determination. However, if the fifteenth day is a Saturday, Sunday or legal holiday, you may file a timely appeal on the next business day. If your appeal is not filed on time, the UC Board of Review will determine if you had good cause for filing a late appeal.

You may use a Petition for Appeal form, a letter or e-mail to appeal. Regardless of the format you choose, your appeal must include the name and address of the claimant, the social security number of the claimant, if known, the date of the determination being appealed, the reason for the appeal and the name and address of the individual filing the appeal. If you use a Petition for Appeal form or a letter to appeal, you may file your appeal by mail, common carrier or fax, or by personal delivery to any CareerLink office. Please follow these appeal instructions carefully:

The last day to timely appeal this determination is:  May 31,2016.
If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before
the date shown above. Information for filing an appeal is included in this determination.

- If you file your appeal by mail, the appeal is filed on the date of the U.S. Postal Service postmark, certificate of mailing, or certified mail receipt. If there is no postmark, certificate of mailing or certified mail receipt, but the appeal contains a postage meter mark, the appeal is filed on the date of the postage meter mark. If there is no Postal Service information or postage meter mark, the appeal is filed on the date recorded by the Department when the appeal is received. If you file your appeal by common carrier, the appeal is filed on the date it is delivered to the common carrier as established by the records of the common carrier. If the date of the delivery to the common carrier cannot be determined by documents in the record, the appeal is filed on the date it is received by the Department. If you wish to appeal by mail, complete Section 1 of the enclosed Petition for Appeal form, or letter of appeal, and send it to the following address:

  **Allentown UC Service Center**
  **160 West Hamilton St  Suite 500**
  **Allentown PA  18101-1994**

- If you file your appeal by fax, the appeal is filed on the date of receipt imprinted by the receiving fax machine. If the receiving fax machine does not imprint a legible date, the appeal is filed on the date of transmission imprinted by the sending fax machine. If the faxed appeal does not contain a legible date of transmission, it is filed on the date recorded by the Department when it receives the appeal. If you appeal by fax, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. If you wish to appeal by fax, complete Section 1 of the enclosed Petition for Appeal, or a letter of appeal, and fax it to:  **610-821-6281.**

- If you file your appeal by e-mail, the appeal is filed on the date of receipt recorded by the Department's electronic transmission system, if the e-mail is in a form capable of being processed by the Department's system. If you appeal by e-mail, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. If you wish to appeal by e-mail, forward your appeal information to the Department at UCAppeals@pa.gov .  **Warning: information submitted by e-mail is not secure.**

- If you file your appeal by personal delivery to a CareerLink, your appeal is filed on the date it is delivered to the CareerLink, during normal business hours. If you wish to appeal by personal delivery, take  the completed appeal form (UC-46B) or letter to the nearest Pennsylvania CareerLink. The CareerLink representative will forward your appeal or letter of appeal to the UC Service Center.  **NOTE: Appeals can not be filed in-person at UC Service Centers.**

**IMPORTANT:** If you remain partially or fully unemployed while an appeal concerning your eligibility is pending, continue to file your bi-weekly claims for benefits. If the appeal is decided in your favor, only benefits for the weeks you claimed will be released for payment. Your employer has the same rights of appeal as you do.

### PROVISIONS OF THE PENNSYLVANIA UNEMPLOYMENT COMPENSATION LAW

Section 402(b) of the Law provides, in part, that a Claimant shall be ineligible to receive benefits for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, but that a Claimant shall not be denied benefits for any week in which his unemployment is due to exercising the option of accepting a layoff from an available position pursuant to a Labor-Management contract or agreement, or pursuant to an established employer plan, program or policy.

### REMOVAL OF DISQUALIFICATION

Section 401(f) of the Law provides that where a Claimant has been separated from work under circumstances which are

---

The last day to timely file this determination is:  May 31,2016

If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal is included in this determination.

| | | | |
|---|---|---|---|
| **CLAIMANT:** | BRYAN K. DICESARE | **SSN:** | 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 |
| **EMPLOYER:** | R H S TRUCKING C/O THOMAS & CO | **Page:** | 3 of 3 |

disqualifying under the provisions of Section 402(b), the disqualification will remain in effect until the Claimant has earned at least six (6) times his weekly benefit rate in covered or excluded employment for separations that occur on or before December 31, 2012, and fulfills all other requirements for securing compensation.Effective with separations that occur on or after January 1, 2013, the Claimant must earn at least six (6) times his weekly benefit rate in "covered" employment and fulfill all other requirements for securing compensation.

THE EXPLANATION OF THE PENNSYLVANIA UNEMPLOYMENT COMPENSATION LAW PROVISIONS IS PROVIDED FOR INFORMATION ONLY. FOR FURTHER EXPLANATION OF THIS DETERMINATION, CONTACT THE PENNSYLVANIA UC SERVICE CENTER INDICATED IN THE APPEAL INSTRUCTIONS.

**CONTRIBUTING BASE YEAR EMPLOYER:** This is not a determination on relief from charges. However, this determination may affect a request for relief from charges.

• An appeal to a Claimant's eligibility and a request for relief from charges MUST BE FILED SEPARATELY.

• For procedures and time limits for requesting relief from charges, see Form UC-44FR previously sent to you with the Claimant's Notice of Financial Determination or contact the Employers' Charge Section, 7th Floor, Labor & Industry Building, 7th & Forster Streets, Harrisburg, PA 17121.

**A REQUEST FOR RELIEF FROM CHARGES, WHETHER GRANTED OR NOT, WILL HAVE NO EFFECT ON THIS DETERMINATION.**

The last day to timely appeal this determination is: May 31,2016
If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal is included in this determination.

# EXHIBIT G

UNEMPLOYMENT COMPENSATION
**BOARD OF REVIEW**
Department of Labor & Industry
Commonwealth of Pennsylvania



APPEAL NUMBER  16-09-B-3391
DATE MAILED  06/27/2016
**FINAL DATE**
**TO APPEAL**  **07/12/2016**
SSN  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

# REFEREE'S DECISION/ORDER

CLAIMANT

BRYAN K DICESARE
1526 PAXFORD RD
ALLENTOWN PA  18103
US

EMPLOYER

RHS TRUCKING
6662 HAY ST
CENTER VALLEY PA 18034
US

**CLAIM:**

FILED:  4/17/2016

DETERMINATION/S ISSUED:  5/13/2016    BY:  ALLENTOWN UC SERVICE CENTER

    CLAIMANT DETERMINED UNDER UC LAW:  Ineligible  402(b)

    FOR WAITING WEEK ENDING:  4/23/2016

    FOR COMPENSABLE WEEK/S ENDING:

**APPEAL:**

FILED:  5/24/2016  BY:  Claimant

HEARING HELD:  6/24/2016  IN:  ALLENTOWN, PA

    ATTENDED BY:  Claimant, Employer, Employer's Representative

**ENCLOSURE:**  A translation document UC-1627 is enclosed with this notice.

**FINDINGS OF FACT:**

1.  The claimant worked as a full-time Truck Driver for RHS Trucking from April 19, 2015 through March 23, 2016 earning $0.48 per mile.

2.  The claimant's mother was very ill and the claimant wanted to spend time with her and to have her live in his home.

3.  The claimant informed the employer of his need for time off.

4.  The claimant quit his job to prepare his home for his mother to live with him.

UC-59 REV 5-09

Claimant — BRYAN K DICESARE                                    Appeal — 16-09-B-3391

5. The claimant completed the changes to his home by April 15, 2016.

**ISSUE:** Did the claimant voluntarily leave this employment for necessitous and compelling reasons?

Was the claimant able and available for suitable employment?

**REASONING:** Both the claimant and the employer appeared at the unemployment compensation hearing to present testimony and evidence on the issues under appeal. The above findings represent the competent evidence and credibility determinations made by the Referee in rendering the following decision.

Section 402(b) of the Unemployment Compensation Law provides that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Since the claimant voluntarily terminated the employment at issue, the burden rests upon the claimant to show cause of a necessitous and compelling nature for doing so.

The Pennsylvania Courts have consistently held that the need to care for an ill family member may constitute necessitous and compelling cause for voluntarily terminating employment, provided the claimant makes a good faith effort to preserve the employment relationship by informing the employer of the obstacles to continuing employment, and taking all reasonable and necessary steps to overcome such obstacles before quitting.

The claimant credibly testified that he asked the employer for a leave of absence in order to care for his sick mother. The claimant described reasonable steps he took to preserve his employment prior to his leave of absence. Since the claimant had good cause to quit his job, the claimant is eligible for unemployment compensation benefits.

Section 401(d)(1) of the Pennsylvania Unemployment Compensation Act provides that, for any weeks in which they claim compensation, claimants must be able to perform, and be available for, suitable work. The UC Service Center typically makes such determinations on a week-by-week basis, and claimants have the burden of proving that they are able and available.

The record shows that the claimant completed modifications to his home and was able to return to work on April 15, 2016. Since the claimant applied for unemployment compensation benefits after he was available for work, the claimant is eligible for benefits under Section 401(d)(1).

**ORDER:** The Unemployment Compensation Service Center determination under Section 402(b) of the Pennsylvania Unemployment Compensation Law is **REVERSED.** The claimant is **ELIGIBLE** for benefits beginning with waiting week ending April 23, 2016.


                                        Loren Walmer, Referee


mc - 9110

Pursuant to the provisions of the Law, this referee decision shall become final on the date it was mailed to

Claimant:  Bryan K Dicesare                          Appeal No.:  B-16-09-B-3391

The following interested parties and representatives were also mailed a copy of the Board's decision on the mailing date indicated:

| PARTY OR REPRESENTATIVE | REPRESENTING | | |
|---|---|---|---|
| | CLAIMANT | EMPLOYER | DEPT |
| JEFFREY A BILLIU<br>THOMAS & COMPANY<br> PO BOX 280100<br>NASHVILLE TN 37228 | ☐ | ☒ | ☐ |

# EXHIBIT H

Bryan K. Dicesare
1526 Paxford Road
Allentown, PA 18103
August 20, 2017

Home phone: (610)351-4113
Cell phone: 484-358-3105

Email: murph18062@aol.com

TLC Companies (Transport Leasing Companies/RHS Trucking)
Diane Hofstadter (Company Representative)
6160 Summit Drive. N. Suite 500
Brooklyn Center, MN 55430
Personnel Department/Legal Department

## DEMAND LETTER: FOR SETTLEMENT PURPOSES ONLY

Re:  **Claim Number EEOC Charge NO: 530-2017-02333**
     Employer: TLC Companies / RHS Trucking Robert Slotter
     Claimant: Bryan K. Dicesare    Employee No. V38203
     Date of Accident: March 23, 2016

Dear TLC Companies: Diane Hofstadter/Legal Department:

On March 23, 2016, I was severely Retaliated against/ Wrongfully Terminated by TLC Companies and RHS Trucking (Robert Slotter and Kimberly Scwartz) by being terminated while taking the approved FMLA (Family Medical Leave Act). Which is a job-protected leave.  Bryan Dicesare was wrongfully terminated March 23, 2016 for exercising his right to the FMLA leave. Bryan Dicesare also had his Health Insurance terminated while taking the FMLA . Under The Family Medical Leave Act of 1993 is a United States Federal Law requiring covered employers to provide employees with job-protected and unpaid leave for qualified medical and family reasons.

McCORMICK
& MURPHY P.C.
A PERSONAL INJURY LAW FIRM

I am ready to bring this matter to a conclusion. In order to facilitate settlement of my claim, I have compiled the following information for your review. I have also included supporting documentation, attached to this letter as Exhibits A-H

**Background**

1.  The Claimant, Bryan K. Dicesare, worked as a full time truck driver for TLC Companies and RHS Trucking from April 19, 2015 to March 23, 2016 earning $ 0.48 per mile and worked over well over 1,250 hours for his employment period.

2.  Bryan Dicesare received a medical approved by Neurologist Dr Gary Clauser of Lehigh Valley Neurology medical family leave form.(attached Exhibit A).

3.  After his last day of work, the claimant went on an approved approx. two week leave of absence in order to take care of his disabled and ill mother, while making renovations to the family home to transition his mother home from skilled nursing facility, to receive home care due to his mothers declining health from neglectful/abusive nursing home.

4.  The claimant is eligible for the leave under Family Medical Leave Act because employer TLC Companies has over 50 employees, and all other requirments are met and verified through DOT (Pennsylvania Department of Transportation driving Log) and other legal documents.

5.  The claimants immediate supervisor of RHS Trucking is Robert Slotter and office manager is Kimberely Swartz.

6.  The office of RHS Trucking reports and gets approval of hiring employees, insures employee provides medical, health and work mans compensation benefits through TLC Companies.

7.  The claimant without any notice from TLC Companies / RHS Trucking received a letter on April 3, 2016 from the employer's third part representative High mark Blue shield that his health insurance has been cancelled.
(Exhibit B termination of benefits letter from High mark blue shield dated April 1, 2016)

8.  The claimant attempted to contact RHS Trucking on April 3, 2016, but the owner did not respond to claimants calls.

9.  The claimant then contacted TLC Companies Personnel department representative on April 3, 2017.  The personnel department representative told the claimant, Bryan K. Dicesare, that TLC Companies were advised from the RHS Trucking office via fax, that the claimant had been terminated. ( Attached Exhibit B letter from TLC Companies)

10.  The claimant reached via telephone Robert Slotter of RHS Trucking on or about April 6, 2016.  The owner of RHS Trucking, Robert Slotter said he knew nothing about the communication to TLC Companies representative.

McCORMICK
& MURPHY P.C.
A PERSONAL INJURY LAW FIRM

11.  The Claimant asked Robert Slotter for a two week extension of his leave of absence due to renovations falling behind due to numerous medical appointments for his disabled and ill mother.

12.  The owner of RHS Trucking approved the extension of Bryan Dicesare's leave of absence.

13.  The claimant then received a letter on from the third party representative High mark blue shield stating that his medical benefits insurance had been reinstated.

14.  Subsequently, the claimant received a third letter from High mark blue shield representative cancelling his insurance coverage a second time.

15.  The claimant again contacted TLC Companies personnel department representative, who confirmed that the claimant had been terminated. (Exhibit B attached).

16.  The work relationship ended.

17.  The claimant filed for Unemployment Compensation on April 17, 2016. (Exhibit C attached unemployment compensation application).

18.  On May 15, 2016, the claimant received a Notice of Determination from Pennsylvania Department of Labor and Industry office of Unemployment Compensation benefits.  (Exhibit D attached).

19.  The Notice of Determination stated from RHS Trucking that claimant, Bryan Dicesare voluntarily quit because he was a No Call/No Show.  Unemployment Benefits were DENIED for this reason.

20.  The claimant filed a Petition for Appeal on May 24, 2016.  Due to the information/reason for termination of his employment.  The information/reason was misleading, distorted and fallacious, that  TLC Companies/RHS Trucking gave to PA Unemployment Compensation to avoid having to pay compensation to Bryan Dicesare ( Exhibit E attached).

21.  On June 27, 2016 a appeal hearing was held at the Pennsylvania Department of Labor and Industry at 555 Union Blvd  Allentown, Pa 18103.  Testimony and evidence were presented to the referee and put on record.  Robert Slotter and representative attended, also Bryan Dicesare and Lesley Prohaska (witness) attended the appeal hearing.

22.  On August 12, 2016 the Pennsylvania Dept of Labor and Industry  Board of Review made a Decision and Order,  per Section 402 (b) and Section 401 (d)(1) 0f the Law, testimony and evidence and REVERSED the original denial of unemployment compensation benefits.  Bryan Dicesare was GRANTED benefits. (Exhibit F attached  PA UC decision and order).



23.  The claimant, Bryan Dicesare  on April 19, 2017 filed a complaint with the EEOC.  The U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION but was not filed timely within the EEOC regulations.  The Claimant, Bryan Dicesare was given permission to file a suit

based on this charge in federal or state court.  The claimant has 90 days from the receipts of the EEOC notice.   Per Title VII , the American with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. ( Exhibit G attached U.S. EEOC Dismissal and Notice of Rights).

### Injuries

The Unlawful practice of the termination of Bryan Dicesare (claimant) while excersing his right to the FMLA  Act was and shocking and the severity of the unlawfurl act caused extreme undue hardship and emotional distress to Bryan Dicesare and family.   The unlawful act also caused the claimant:

- Loss of wages
- Future Earnings ( Related to Termination and CDL);
- Undue Hardship;
- Emotional Distress;
- Economic Damages and
- Loss of consortium

### Liability of Employer

Employer, TLC Companies , is clearly liable for my Injuries and other losses. The TLC Companies' unlawful actions were the direct and proximate cause of the termination of Bryan Dicesare, while exercising his right of leave of absence under the FMLA Act and my resulting  damages / Injuries are the liability of TLC Company.   The exhibits prove a clear and convincing statement of facts.

1. Bryan Dicesare meets the requirments for the FMLA ACT.

2. Family Medical leave form that was signed and approved by Neurologist Dr. Gary Clauser, Lehigh Valley Neurology 1255 South Cedar Crest Blvd. Allentown, Pa. 18103. (Exhibit A)

McCormick
& Murphy P.C.
A PERSONAL INJURY LAW FIRM

3. TLC Company terminated Bryan Dicesare March 23, 2016, the first day he began his leave of absence while on the FMLA Act.
(Exhibit B)

4. Bryan Dicesare, claimant, filed for Pennsylvania Unemployment Compensation on April 17, 2016 stating the facts.
(Exhibit C)

5. TLC Company/RHS Trucking contested the claimants Unemployment Benefits application, while unlawfully and maliciously provided false statements to U.S. Department of Labor and Industry to avoid paying part of claimants unemployment claim
(Exhibit D)

5. On May 24, 2016, The claimant petitioned for an Appeal of determination based on the lies provided by TLC Company/RHS Trucking stating that Bryan Dicesare voluntarily quit and was a No Call/No Show.
(Exhibit E)

6. On June 27, 2016, a appeal hearing was held with PA Unemployment Compensation Board of Review, testimony and evidence presented, along with sworn witness testimony, and cross examinations of witnesses and document put on record. The inconsistances in testimony, false statements and no evidence to prove the vadality of TLC Company/RHS Trucking (Robert Slotter and Kim Swartz) statements.
    The PA Unemployment Compensation Board of Review REVERSED the original decision (based on non factual statements provided by TLC Company/RHS Trucking) and GRANTED Bryan Dicesare Unemployment Compensation benefits and retro active benefits based on State Law Section 402(b) and Section 401(d)(1).
(Exhibits F)

7. Bryan Dicesare (claimant) filed a complaint with the EEOC on April 19, 2017, unaware that the complaint was untimely filed, the EEOC stated the claimant right to sue, and may file a law suit in Federal or state court based on the facts. The claimant has a right to sue because TLC Company violated the Federal Law, FMLA Act of 1993.
(Exhibit G)

8. Bryan Dicesare has provided a Verification form sworn that the statements and exhibits are true, correct and provide clear and convincing evidence.

As a result of the unlawful actions caused by TLC Company/RHS Trucking, I have incurred the following expenses and losses:

**Damages/Injuries:**

*General damages:*

| | |
|---|---|
| LOSS OF WAGES | $30,000 |
| FUTURE WAGES | $50,000 |
| UNDUE HARDSHIP | $25,000 |
| EMOTIONAL DISTRESS | $25,000 |
| ECONOMIC DAMAGES | $50,000 |
| LOSS OF CONSORTIUM | $25,000 |
| **TOTAL GENERAL DAMAGES:** | $205,000.00 |
| **TOTAL DAMAGES/INJURY DEMAND:** | $205,000.00 |

I hereby demand **$285,000.00** to account for my damages/injuries and other losses that were directly and proximately caused by the Unlawful actions of your company, TLC Companies/RHS trucking.  I expect to receive a reply to this demand letter no later than 14 days from the date of the postmark.

If I hear no response after the 20 days, (September 9, 2017), The charges/complaint of violation of Federal Law Family Medical Leave Act (FMLA) of 1993, and in addition violation of Title 18 Pa. C.S.A.   4904 ( relating to unsworn falsification to authorities) in responses stated in contesting Unemployment Compensation  Notice of Determination dated May 13, 2016 , will be filed in Lehigh County Civil Court Allentown, Pennsylvania 18104 on September 12,2017.

The claimant is willing  to participate in negotiations to settle this matter, otherwise the claimant will be filling a complaint with Federal and State of Pennsylvania Courts and demand a jury trial.  The claimant would like to settle this amicably, fairly and without delay.  Bryan Dicesare was trying to get his disabled, ill, abused mother out of nursing home, while learning of her condition he exercised his right to take the FMLA Act, in between renovations and numerous doctors appointments, Bryan Dicesare is terminated without any word.   Bryan Dicesare should not have been retailated against and terminated!  Bryan was entuse to use the family medical leave act to care for his sick mother and all of a sudden his entire world is ripped out beneath his feet and he is left destiute with no health insurance and emotionally harmed.  Then no one knows what happened, false statements are being made to avoid benefits that are legal due to Bryan Dicesare.  Bryan Dicesare is entitled legally through Federal and State law.  These unlawful practices damage, harm, emotionally and financially crippled Bryan Dicesare.

Thank you for your time in considering my claim. Please do not hesitate to contact me for additional information or with any questions you may have, or documents you require to be authenticated.  Witness sworn statements can be reproduced and are notarized.  Your

department is welcome to contact the witnesses and receive statements while within the scope of the law.  Thank You for taking the time to read and examine all documents, look forward to a civil mediation/negotiations which will save the company in legal fees.

Sincerely,

Bryan K. Dicesare                                    DATE: August 20, 2017
1526 Paxford Road
Allentown, PA. 18103
610-351-4113 (Home)
484-358-3105 (Cell)
murph18062@aol.com

ATTACHMENTS:        Exhibit A:  Dr. Clauser Medical Leave form
                    Exhibit B:  TLC Company Termination Letter
                    Exhibit C:  Bryan Dicesare Pennsylvania UC application
                    Exhibit D:  Notice of Determination of UC dated May 13, 2016
                    Exhibit E:  Petition of Appeal for UC dated May 24, 2016
                    Exhibit F:  Decision and Order  Board of Review- August 12, 2016
                    Exhibit G:  EEOC Dismissal and Notices of Rights- June 23, 2017
                    Exhibit H:  Verification form from Bryan K. Dicesare

# EXHIBIT I



MINNEAPOLIS MN 554

01 SEP 2017 PM

US POSTAGE PAID
$00.48$
First Class
Mailed From 55430
09/01/2017
032A 0061827862

TLC
C O M P A N I E S
6160 Summit Dr. N, STE 500
Brooklyn Center, MN 55430

Bryan K. Dicesare
1526 Paxford Road
Allentown, PA 18103



Payroll Plus Corporation
Transport Leasing/Contract, Inc.
The Labor Source, Inc.

Diane M. Hofstadter
Corporate Paralegal, MnCP, CRP®
Direct Dial: 763-585-7073
Direct Fax: 763-569-2776
dhofstadter@tlccompanies.com
www.tlccompanies.com

September 1, 2017

Bryan K. Dicesare
1526 Paxford Road
Allentown, PA 18103

        Re:  Response to Demand Letter

Dear Mr. Dicesare:

I received your letter dated August 20, 2017 and I am writing to provide you with the response of Transport Leasing/Contract, Inc. (TLC). For purposes of this communication, please know that TLC disputes many of the statements and allegations contained in your letter. Nevertheless, for the reasons discussed more fully below, I do not believe it would be fruitful to engage in a full discussion of those issues at this time.

Your letter asserts that TLC is liable for violation of your rights under the Family and Medical Leave Act (FMLA). However, it is TLC's understanding that you were not an "eligible employee" within the meaning of the FMLA during the relevant time period. Because you worked at a worksite (RHS Trucking) with less than 50 employees, you were not covered by the FMLA and cannot assert a claim for alleged violations of the FMLA. See 29 U.S.C. Section 2611(2)(B).

If you believe my understanding is incorrect, or otherwise wish to discuss this matter further, please feel free to contact me.

Regards,

Diane Hofstadter
Corporate Paralegal, MnCP, CRP®