IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN K. DICESARE**<br>1526 Paxford Road<br>Allentown, PA 18103<br><br>         Plaintiff,<br><br>v.<br><br>**R.H.S. TRUCKING, LLC**<br>6662 Hay St.<br>Center Valley, PA 18034<br><br>And<br><br>**ROBERT SLOTTER**<br>6662 Hay St.<br>Center Valley, PA 18034<br><br>And<br><br>**KIMBERLY SCWARTZ**<br>6662 Hay St.<br>Center Valley, PA 18034<br><br>And<br><br>**JOHN DOES**<br><br>         Defendants. | No.: 5:17-cv-04236-EGS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL OF TWELVE (12) DEMANDED** |

## FIRST AMENDED
## CIVIL ACTION COMPLAINT

I. **PARTIES**

1. Plaintiff, Bryan K. Dicesare, is an adult individual residing at the above-captioned address.

2. Defendant, R.H.S. Trucking, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with offices above-captioned address.

3.    Defendant, Robert Slotter, is an adult individual and President / Owner of Defendant, R.H.S. Trucking, doing business at the above-captioned address.

4.    Defendant, Kimberly Scwartz, is an adult individual and Office Manager of Defendant, R.H.S. Trucking, doing business at the above-captioned address.

5.    Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## II.    JURISDICTION & VENUE

6.    Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

7.    Venue is proper in this District as the events that give rise to the cause of action took place within this District.

## III.    OPERATIVE FACTS

8.    Plaintiff, Bryan K. Dicesare was hired by Defendant, R.H.S Trucking LLC to work as a full-time truck driver, starting on or about April 9, 2015.

9.    Plaintiff's immediate supervisor was Defendant, Kimberly Scwartz, whose supervisor was Defendant, Robert Slotter.

10.   Plaintiff was paid $.48 for each mile he drove on behalf of Defendant.

11.   In or around March 2016, Plaintiff noticed that his pay was inconsistent with the mileage logs that Plaintiff submitted to Scwartz.

12.   Plaintiff informed Slotter of the inconsistences, who acted surprised and directed Scwartz to correct.

13. At or about this same time, on or about March 16, 2016, Plaintiff requested through Scwartz and was approved for two (2) weeks leave under the Family Medical Leave Act ("FMLA").

14. However, unbeknownst to Plaintiff, Plaintiff was not eligible for FMLA leave.

15. Upon information and belief, Scwartz knew that Plaintiff was not eligible for FMLA leave.

16. While on Defendant-approved-FMLA leave, Plaintiff was terminated.

17. On or about April 3, 2016, without any notice from Defendant, Plaintiff received a letter from Defendant's third-party-representative health insurance company, High Mark Blue Shield, that Plaintiff's health insurance had been cancelled due to his termination.

18. Upon receiving the letter, Plaintiff attempted to contact Slotter several times; however, Slotter did not respond to Plaintiff's call until April 6, 2017.

19. During the April 6, 2016 phone call, Slotter stated that he had no knowledge of Plaintiff's termination and communicated that Plaintiff had been approved for a two-week FMLA leave. In fact, Slotter told Plaintiff that he could have an additional two weeks of FMLA leave.

20. Nonetheless, despite Defendant's President / Owner's representations, Defendant terminated Plaintiff for failing to appear for work on March 23, 2016.

21. On or about April 17, 2017, Plaintiff filed for unemployment compensation with the Pennsylvania Department of Labor.

22. On or about May 15, 2016, Plaintiff received a Notice of Determination from Pennsylvania Department of Labor and Industry, Office of Unemployment Compensation Benefit denying benefits because Defendant claimed Plaintiff voluntarily did not show for work.

23. On or about May 24, 2016, Plaintiff filed a petition for appeal.

24. On or about June 17, 2016, an appeal hearing was held with Office of Unemployment Compensation Benefit Board of Review. As a result, the Office of Unemployment Compensation Benefit Board of Review reversed its prior decision and granted benefits to Plaintiff.

25. Upon information and belief, Defendant falsely represented to Plaintiff that he could take FMLA with knowledge that Plaintiff was not eligible for FMLA leave in order to manufacturer a reason to terminate Plaintiff.

26. Upon information and belief, Defendant terminated Plaintiff in retaliation for Plaintiff raising an internal complaint concerning Defendant's underpayment of Plaintiff's wages.

27. Plaintiff was financially harmed due to Defendant's actions.

### IV. COUNTS OF ACTION

## COUNT I
### Fair Labor Standards Act - Retaliation

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

29. Plaintiff made an internal complaint concerning Defendants' violations of the Fair Labor Standards Act, specifically concerning the intentional under-reporting of Plaintiff's reported mileage, thus illegally and wrongfully under-paying Plaintiff.

30. Defendants terminated Plaintiff following the internal complaint.

31. Defendants' motivating factor for terminating Plaintiff's was Plaintiff's internal complaint concerning Defendants' violations of the Fair Labor Standards Act.

32. Plaintiff has been harmed by Defendants' retaliation, including, but not limited to, lost wages and employee benefits.

## COUNT II
### Violations of Wage Payment & Collection Law

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

34. Defendants intentionally failed to pay Plaintiff all applicable wages on each pay day for the approximately six months prior to Plaintiff's termination.

35. Defendants affirmatively adjusted Plaintiff's applicable wages without Plaintiff's knowledge or consent in order to illegally and wrongfully underpay Plaintiff.

36. Pursuant to the Wage Payment & Collection Law, Plaintiff is entitled to all prior, unpaid compensation, liquidated damages, and the award of costs for reasonable attorneys' fees.

## COUNT III
### Wrongful Termination in Violation of Pennsylvania Public Policy

37. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

38. Pennsylvania determines state public policy, in part, in the institution of statutory law.

39. Pennsylvania established the Wage Payment & Collection Law, which requires employers to, *inter alia,* pay employees all applicable and earned wages.

40. Defendants intentionally failed to pay Plaintiff all applicable wages on each pay day for the approximately six months prior to Plaintiff's termination.

41. Defendants affirmatively adjusted Plaintiff's applicable wages without Plaintiff's knowledge or consent in order to illegally and wrongfully underpay Plaintiff.

42. Plaintiff made an internal complaint concerning Defendants' violations of the Wage Payment & Collection Law, specifically concerning the intentional under-reporting of Plaintiff's reported mileage, thus illegally and wrongfully under-paying Plaintiff.

43. Defendants terminated Plaintiff following the internal complaint.

44. Defendants' motivating factor for terminating Plaintiff's was Plaintiff's internal complaint concerning Defendants' violations.

45. Plaintiff has been harmed by Defendants' retaliation, including, but not limited to, lost wages and employee benefits.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000 including compensatory and statutory damages, plus punitive damages, attorneys' fees and expenses, costs of suit, and any such other and further relief as this Honorable Court deems necessary and just including equitable relief.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

Respectfully Submitted,

**SCHAFKPF LAW, LLC**

/s/ Gary Schafkopf
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN K. DICESARE | : | |
| | : | CIVIL ACTION NO.: 5:17-CV-04236 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| R.H.S. TRUCKING, LLC | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 18th day of December, 2017, a true and correct copy of the foregoing First Amended Civil Action Complaint was served via regular mail upon the following parties:

Bradley N. Sprout, Esq.
Pion Nerone Girman Winslow & Smith Pc
240 North 3rd Street, 10th Floor
Harrisburg, PA 17101

Michael F. Nerone, Esq.
Pion, Nerone, Girman, Winslow & Smith, P.C.
1735 Market St., Suite 700
Philadelphia, PA 19103

Jacob M. Sitman, Esq.
Fitzpatrick Lentz & Bubba, P.C.
4001 Schoolhouse Ln.
P.O. Box 219
Center Valley, PA 18034-0219

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff