IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN K. DICESARE,<br>Plaintiff,<br><br>v.<br><br>R.H.S. TRUCKING, LLC, ROBERT SLOTTER, KIMBERLY SCWARTZ, and JOHN DOES,<br>Defendants. | No. 5:17-cv-04236-EGS |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants R.H.S. Trucking, LLC ("RHS"), Robert Slotter ("Slotter"), and Kimberly Schwartz (incorrectly plead as "Scwartz") (collectively, "Defendants") by their undersigned counsel, submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

**I.    PRELIMINARY STATEMENT**

This action arises out of Plaintiff's former employment as a truck driver for Defendant, RHS and his termination of employment. Defendants filed and the Court granted a motion to dismiss Plaintiff's original complaint for failure to state a claim upon which relief can be granted. More recently, Plaintiff filed a First Amended Complaint against Defendants, alleging completely different claims than those asserted in his original complaint.

For the reasons set forth in more detail below, Plaintiff's First Amended Complaint, like his original complaint, should be dismissed. With respect to the First Amended Complaint: (1) Plaintiff's claim of unlawful retaliation under the Fair Labor Standards Act ("FLSA") (Count I) fails because he has not pleaded any facts establishing that he engaged in any activity protected

1

under the FLSA; (2) Plaintiff's claim under the Pennsylvania Wage Payment and Collection Law ("WPCL")(Count II) fails because he does not point to any specific terms or breach of his contract of employment; (3) Plaintiff's common law claim of wrongful termination (Count III) fails because he has not pointed to any specific public policy violated by his discharge from employment; and (4) Plaintiff has not asserted any facts to support viable legal claims against Slotter and Schwartz, even though they are listed as individual defendants.

Accordingly, Plaintiff's entire First Amended Complaint should be dismissed with prejudice.

## II. PROCEDURAL HISTORY

### A. Plaintiff's Original Complaint

On September 21, 2017, Plaintiff, Bryan K. Dicesare ("Plaintiff") filed an original, two-count Complaint (the "Complaint") against Defendants (and multiple other co-defendants) claiming that they: (1) engaged in unlawful employment discrimination and retaliated against him in violation of Title VII "for opposing . . . inconsistences between reported mileage logs and payments" (Count I); and (2) wrongfully terminated his employment as a truck driver "for discriminatory and/or retaliatory reasons after he reported matters of inconsistences" (Count II). (ECF No. 1).

### B. Dismissal of Plaintiff's Original Complaint

On November 10, 2017, Defendants filed a motion to dismiss the Complaint for Plaintiff's failure to state a claim under Title VII or a claim for common law wrongful discharge. (ECF No. 9). On November 13, co-defendants also filed a motion to dismiss the original complaint. (ECF Nos. 10 and 11). On November 29, 2017, the Court entered an order dismissing the original complaint without prejudice, and granting Plaintiff 20 days to file an amended complaint. (ECF No. 19).

2

### C. Plaintiff's First Amended Complaint

On December 19, 2017, Plaintiff filed a three-count First Amended Complaint ("Amended Complaint") against Defendants[1], alleging that they: (1) retaliated against him in violation of the Fair Labor Standards Act ("FLSA") by terminating his employment for making "an internal complaint concerning Defendants' violations of the Fair Labor Standards Act, specifically concerning the intentional under-reporting of Plaintiff's reported mileage, thus illegally and wrongfully under-paying Plaintiff" (Count I); (2) violated the Pennsylvania Wage Payment & Collection Law ("WPCL") by intentionally failing to pay Plaintiff all applicable wages (Count II); and (3) wrongfully terminated his employment in violation of Pennsylvania public policy because of his complaints concerning under-reporting of mileage (Count III).

Defendants now move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the First Amended Complaint ("Complaint") for failure to state a claim under the FLSA, WPCL and for wrongful discharge under common law.

### III. STATEMENT OF FACTS

#### A. Plaintiff's Hire, Leave from Work and Unemployment

Plaintiff was hired to work as a full-time truck driver for RHS starting on or about April 9, 2015. (Complaint ¶ 8). Plaintiff's immediate supervisors at RHS were Slotter and Schwartz. (Complaint ¶ 9). Plaintiff was paid $0.48 for each mile he drove on behalf of RHS (Complaint ¶ 10).

In March 2016, Plaintiff alleges he noticed inconsistencies between the mileage logs submitted to Defendants and his pay. (Complaint ¶ 11). Plaintiff informed Slotter of the

---

[1] In the Amended Complaint, Plaintiff has omitted mention of the other entities he specifically named as co-defendants in his original complaint.

inconsistencies between reported mileage and his paycheck, who directed Schwartz to correct the inconsistencies. (Complaint ¶ 12).

On March 16, 2016, Plaintiff requested and was approved by Schwartz for a two-week leave under the FMLA (Complaint ¶ 13). Unbeknownst to Plaintiff, Plaintiff was not eligible for FMLA leave. (Complaint ¶ 14). Schwartz knew Plaintiff was not eligible for FMLA leave. (Complaint ¶ 15).

On or about April 3, 2016, without any notice, Plaintiff received a letter from High Mark Blue Shield that Plaintiff's health insurance had been cancelled due to his termination. (Complaint ¶ 17). During a phone call on April 6, 2016, Slotter stated that he had no knowledge of Plaintiff's termination and that Plaintiff could have another two weeks of FMLA leave. (Complaint ¶ 19). Nonetheless, despite these representations, Plaintiff was terminated for failing to appear for work on March 23, 2016. (Complaint ¶ 20).

On or about April 17, 2017,[2] Plaintiff filed for unemployment compensation with the Pennsylvania Department of Labor. (Complaint ¶ 21). On or about May 15, 2016, Plaintiff received a Notice of Determination denying benefits because RHS claimed Plaintiff voluntarily did not show up for work. (Complaint ¶ 22).

Plaintiff states, upon information and belief, that Defendants falsely represented to Plaintiff that he could take FMLA leave in order to manufacture a reason to terminate him. (Complaint ¶ 25). Plaintiff also states, upon information and belief, that he was terminated in retaliation for Plaintiff raising an internal complaint concerning the underpayment of his wages. (Complaint ¶ 26).

---

[2]  Defendants believe that Plaintiff intended to state that he applied for unemployment compensation in April 2016, not 2017.

**B. Plaintiff's Claims of FLSA Retaliation, WCPL Violation and Common Law Wrongful Termination**

The First Amended Complaint purports to state three causes of action: Defendants (1) retaliated against him in violation of the Fair Labor Standards Act (FLSA) for making "an internal complaint concerning Defendants' violations of the Fair Labor Standards Act, specifically concerning the intentional under-reporting of Plaintiff's reported mileage, thus illegally and wrongfully under-paying Plaintiff" (Count I); (2) violated the Pennsylvania Wage Payment & Collection Law (WPCL) by intentionally failing to pay Plaintiff all applicable wages (Count II); and (3) wrongfully terminated him, in violation of Pennsylvania public policy, in response to his complaints concerning under-reporting of mileage (Count III). (Complaint ¶¶ 28-45).

### III. LEGAL ARGUMENT

#### A. Legal Standard

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In considering the motion, a district court undertakes a three-step analysis. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). First, the court outlines the elements necessary to state a claim for relief. Id. Next, the court disregards "those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. "Finally, [the district court] look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determines whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). In this case, Counts I, II, and III of the First Amended Complaint fail to plausibly give rise to any claim for relief. Therefore, Plaintiff's First Amended Complaint should be dismissed in its entirety.

#### B. Plaintiff's Complaint Fails to State a Claim Under the FLSA for Retaliation

### 1. Plaintiff Has Failed to Allege the Necessary Elements to Establish a *Prima Facie* Case of Retaliation under the FLSA

In Count I, Plaintiff purports to allege a claim of "retaliation" under the FLSA. However, the Complaint is devoid of any facts demonstrating that Plaintiff was discharged for reporting any alleged failure to pay minimum wage or overtime, or that he engaged in other activity protected by the FLSA. Therefore, his FLSA retaliation claim fails as a matter of law and must be dismissed.

"To state a prima facie case of retaliatory discrimination under the FLSA, a plaintiff must plead that '(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action.'" Jones v. Amerihealth Caritas, 95 F.Supp.3d 807, 814 (E.D. Pa. 2015) (quoting Scholly v. JMK Plastering Inc., Civ. A. No. 07-4998, 2009 WL 257929 at *3 (E.D.Pa. June 25, 2008)). "An employee engages in protected activity when an employee has 'filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA].'" Id. (quoting 29 U.S.C. § 215(a)(3) (emphasis added)).

The Third Circuit recently summarized the basic entitlements to minimum wage and overtime payment that are afforded employees under the FLSA:

> "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, –– U.S. ––, 133 S.Ct. 1523, 1527, 185 L.Ed.2d 636 (2013). Generally, an employer must pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and must pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week, id. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated

damages." Id. § 216(b).

Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014); Kasten v. Saint-Gobain Performance Plastics, 563 U.S. 1, 14 (2011) ("The Fair Labor Standards Act of 1938 sets forth employment rules concerning minimum wages, maximum hours, and overtime pay.").

Therefore, the crux of a FLSA retaliation claim is that an employee has been retaliated against for making a complaint which brings to light an alleged violation of the FLSA's minimum wage, maximum hour, and/or overtime pay requirements.

Furthermore, to state a claim under the FLSA anti-retaliation provision, the United States Supreme Court has held that "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights and a call for their protection." Kasten, 563 U.S. at 4. While no particular form is required, the complaint must be sufficient so that a "reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights." Id. at 14 (internal citation omitted).

Indeed, this Court recently had occasion to observe an instance where an FLSA retaliation claim was sufficiently pleaded because the complaint alleged that the plaintiff-employee had demanded compensation for all hours worked, including overtime. Sondesky v. Cherry Scaffolding, Inc., No. 16-5667 2017 WL 3873578 at *3 (E.D. Pa. September 5, 2017). In that case, this Court specifically recognized that "overtime compensation is a right protected under the FLSA, and [the employee's] demand to be paid any overtime compensation actually due is a clear assertion of that right." Id.

In contrast, in Arrington v. Willow Terrace and RC Operator, LLC, No. 16-2599 2016 WL 5899925 (E.D. Pa. October 7, 2016), this Court held that the employee-plaintiff had failed to

7

state a FLSA retaliation claim where she made a "single sentence, barebones assertion" that she was terminated for addressing issues of "non-payment" with her supervisor. This alleged assertion was held insufficient to put a reasonable employer on notice that the plaintiff-employee was asserting rights under the FLSA. See also Wilton v. Ophthalmology Physicians and Surgeons, P.C., No. 16-cv-3784 2016 WL 6821514 at *4 (E.D. Pa. November 16, 2016) (dismissing FLSA retaliation claim because "generalized complaint about a salary reduction" was "not sufficiently 'related to' any assertion of rights protected by the FLSA"); Washington v. Plainfield Board of Education, No. 15-1431 (SRC) 2016 WL 234843 (D.N.J. January 20, 2016) (dismissing FLSA retaliation claim where allegations of retribution for allegedly protected union activity were unrelated to FLSA, which "establishes federal minimum-wage, maximum-hour, and overtime guarantees") .

In this case, Plaintiff's First Amended Complaint does not allege that Plaintiff made any complaint concerning minimum-wage, maximum-hour, or overtime guarantees under the FLSA. Rather, Plaintiff alleges only that Plaintiff "noticed that his pay was inconsistent with the mileage logs," he "informed Slotter of the inconsistencies, who acted surprised and directed Sc[h]wartz to correct," and "Defendant terminated Plaintiff in retaliation for Plaintiff raising an internal complaint concerning Defendant's underpayment of Plaintiff's wages." (Complaint ¶¶ 11, 12, 26). These allegations, do not relate to the FLSA's minimum-wage, maximum-hour, or overtime guarantees and are, thus, insufficient to put RHS on reasonable notice that Plaintiff was asserting a right under the FLSA.[3]

---

[3] Moreover, Section 13(b)(1) of the FLSA provides an overtime exemption for employees who are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935, and Defendants respectfully submit that if Plaintiff had pleaded additional facts regarding his work for RHS, those facts would reveal that he was an FLSA-exempt Motor Carrier employee and, therefore, could not possibly engage in activity protected by the FLSA as a matter of law.

Because Plaintiff has not alleged any facts tending to demonstrate that engaged in any protected activity under the FLSA, his claim for retaliation fails as a matter of law and should be dismissed.

### 2. Slotter and Schwartz Cannot Be Held Individually Liable Under The FLSA

Even assuming Plaintiff sufficiently pleaded that engaged in activity protected by the FLSA, his allegations are, nevertheless, insufficient to establish that Slotter and Schwartz may be held individually liable for FLSA retaliation. Therefore, any FLSA claim that can be gleaned from the Complaint against Slotter and Schwartz must be dismissed.

"The FLSA imposes individual liability on 'any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .'" Thompson v. Real Estate Mortgage Network, 748 F.3d 142, 153 (3d Cir. 2014) (quoting 29 U.S.C. § 203(d)). However, an individual is only subject to liability "when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." Id. (emphasis added and internal quotation and citation omitted).

In the Complaint, although Plaintiff makes various allegations concerning the actions or inaction of Slotter and Schwartz, none relate to any failure to pay overtime or minimum wage.

Moreover, Plaintiff pleaded that Slotter directed that any inconsistency in his pay be corrected. (Complaint ¶ 12). Thus, any action by Slotter or Schwartz to not pay Plaintiff correctly would not have been "in the employer's interest."

For these reasons, there is no basis for holding these two individuals liable under the FLSA, and the claims against them must be dismissed with prejudice.

### C. Plaintiff's First Amended Complaint Fails to State a Claim for a Violation of the WPCL

#### 1. Plaintiff Has Failed to Allege the Necessary Elements to Establish a *Prima Facie* Violation of the WPCL

"The WPCL does not create a right to compensation; it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Oxner v. Cliveden Nursing & Rehabilitation Center, PA, L.P., 132 F.Supp.3d 645, 649 (E.D. Pa. 2015). "Accordingly, a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid." Lehman v. Legg Mason, Inc., 532 F.Supp.2d 726, 733 (M.D. Pa. 2007). "Relief under the WPCL is implausible without existence of a contract." Id. "Where an employee does not work under a written employment contract or collective bargaining agreement, the employee will have to establish the formation of an implied oral contract to recover under the WPCL." Oxner, 132 F.Supp.3d at 649. The terms of any contract determine whether specific wages are due. McIntyre v. Philadelphia Suburban Corporation, 90 F.Supp.2d 596, 602 (E.D. Pa. 2000).

In the pending Complaint, Plaintiff alleges he was RHS's full-time truck driver and "was paid $0.48 for each mile he drove on behalf of Defendant." (Complaint ¶ 10). Plaintiff has failed to allege any other terms of the parties' employment contract, or the manner in which it was allegedly breached.

Instead, he ambiguously alleges undescribed "inconsistencies" between his pay and the mileage logs he submitted. Likewise, although Plaintiff alleges "Defendants intentionally failed to pay Plaintiff all applicable wages on each payday for the approximately six months prior to Plaintiff's termination," he does not in any way describe what wages are "applicable."

Because the Complaint fails to spell out even the most basic terms of his employment contract with RHS, describe how the contract was breached, or report the nature or amount of damages allegedly sustained as a result of the breach as required to allege a *prima facie* case of WPCL violation, his WPCL claim should be dismissed as a matter of law.

### 2. Slotter and Schwartz May Not Be Held Individually Liable Under the WPCL

Plaintiff has failed to allege any basis for the individual defendants to be held personally liable under the WPCL. By its terms, the WPCL applies only to "employers." See Hirsch v. EPL Technologies, Inc., 910 A.2d 84, 88-89 (Pa. Super. 2006) (citing 43 P.S. § 260.2a). "[T]o be considered an employer for purposes of the WPCL, a person must have exercised a policy-making function in the company and/or an active role in the corporation's decision making process [regarding wage payment]." Id.

In this case, Plaintiff has not alleged that Schwartz had any involvement in corporate decision-making or advisement on matters of pay or compensation. Moreover, Plaintiff has specifically alleged that Slotter, as President and Owner, "directed" Schwartz to correct any alleged error, thereby refuting any suggestion that Slotter decided not to pay Plaintiff what he was due and could be found liable personally. Therefore, any WPCL claim against Slotter and Schwartz must be dismissed as a matter of law.

## D. Plaintiff's First Amended Complaint Fails to State a Claim for Wrongful Termination

### 1. Plaintiff Has Failed to State a Cognizable Claim of Common Law Wrongful Discharge Against RHS

"[A]s a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989); Tanay v. Encore Healthcare, LLC, 810 F.Supp.2d 734, 737-

11

38 (E.D.Pa. 2011) ("Generally, an employer may terminate an at-will employee for any reason, with or without cause."). "Exceptions to this rule have been recognized only in the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000). Thus, to state an actionable claim for wrongful termination in Pennsylvania, it is not enough to state that an employer's actions are "unfair"; rather, the plaintiff "must point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision." Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 175 (Pa. Super. 1996); Wetherhold v. Radioshack Corp., 339 F.Supp.2d 670, 673-74 (E.D. Pa. 2004) ("The public policy of the Commonwealth must be ascertained from its laws and legal precedents and not from 'supposed public interest.'" (*quoting* McLaughlin, supra, 750 A.2d at 289)).

"Pennsylvania courts have not explicitly defined the boundaries of the public policy exception, however, its application has been limited to situations in which an employer: (1) requires an employee to commit a crime; (2) prevents an employee from complying with a statutorily imposed duty; and (3) discharges an employee when specifically prohibited to doing so by statute." Tanay, supra, 810 F.Supp.2d at 737-38 (citing cases); Rothrock v. Rothrock Motor Sales, Inc., 883 A.2d 511, 516 (Pa. 2005) ("[E]xceptions to at-will termination should be few and carefully sculpted so as not to erode an employer's inherent right to operate its business as it chooses[.]"). Notably, "Pennsylvania courts have generally disfavored wrongful discharge claims in cases involving disputes over wages, commissions, and bonuses." McGuckin v. Brandywine Realty Trust, 185 F.Supp.3d 600, 608-09 (E.D. Pa. 2016).

Recognizing that an employer has the right to discharge an at-will employee for no reason or any reason, the Pennsylvania Superior Court has "refuse[d] to hold that an employer

12

who exercises that right because of a dispute over compensation due the employee is liable for wrongful discharge." Booth v. McDonnell Douglas Truck Services, Inc., 585 A.2d 24, 29 (Pa. Super. Ct. 1991); see also McGuckin, 185 F.Supp.3d at 608-09 (citing Booth and dismissing a wrongful discharge claim with prejudice where plaintiff-employee alleged he was fired for asserting a claim under the WPCL); Pleickhardt v. Major Motors of Pennsylvania, Inc., No. 3:17-CV-0375 2017 WL 4180112 (M.D. Pa. September 21, 2017) (dismissing common law wrongful termination claim with prejudice while permitting WPCL claim to proceed).

Here, even accepting the allegations in the Complaint as true for purposes of this motion, Plaintiff has not demonstrated (nor will he be able to demonstrate) that any alleged underpayment of wages or his alleged reporting of "inconsistencies" between reported mileage logs and payments constitutes a violation of a public policy mandate of the kind and nature that would abridge Defendant's right to terminate Plaintiff's employment at will. Therefore, Plaintiff has not stated a claim for wrongful termination and Count III should be dismissed with prejudice. See, e.g., Kent v. Keystone Human Services, 68 F.Supp.3d 565, 569-70 (M.D. Pa. 2014) (dismissing wrongful termination claim with prejudice because the plaintiff's failure to plead the existence of any public policy exception "is not the result of any defect in her factual pleading, but instead reflects a finding that none of the public policies cited affords her a remedy under the public policy exception, and that consequently amendment would be futile").

### 2. Slotter and Schwartz May Not Be Held Individually Liable for Common Law Wrongful Discharge

Even if Plaintiff were given leave (again) to amend his First Amended Complaint and affording another opportunity to articulate a plausible public policy exception to overcome Pennsylvania's at-will employment doctrine as to RHS, there is absolutely no legal basis for Plaintiff to claim that Slotter and Schwartz can be held individually liable. Pennsylvania courts

have regularly held that individuals cannot be held liable for an alleged wrongful termination action taken by an employer corporation. See, e.g., Alpensjo v. Sandrik Materials Technology, Inc., 2011 WL 10099728 (Pa. Comm. Pl. October 28, 2011); Medley v. SugarHouse HSP Gaming, L.P., 2013 WL 1157349 (E.D. Pa. March 21, 2013) (dismissing with prejudice wrongful termination claim against individual defendants where nothing in the complaint suggested they acted outside their corporate capacities in orchestrating the plaintiff's termination); McGuire v. Palmerton Hosp., 2012 WL 5494924 (M.D. Pa. Nov. 13, 2012) (dismissing wrongful termination claims against individual and stating "that an individual wrongful discharge claim . . . does not exist under Pennsylvania law"); Hrosik v. Latrobe Steel Co., 1995 WL 456212 (W.D. Pa. April 25, 1995) ("A wrongful discharge claim exists only against an employee's employer.").

Because Pennsylvania does not recognize a claim for wrongful termination against a defendant in his or her individual capacity, Plaintiff's wrongful termination claim against Slotter and Schwartz should be dismissed with prejudice.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants R.H.S. Trucking, LLC, Robert Slotter, and Kimberly Schwartz respectfully urge this Court to grant their Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: January 2, 2018          By:   */s/ Jacob M. Sitman*
                                                    Jacob M. Sitman
                                                    4001 Schoolhouse Lane, P.O. Box 219
                                                    Center Valley, PA 18034-0219
                                                    (610) 797-9000
                                                    jsitman@flblaw.com
                                                    Attorneys for Defendants R.H.S. Trucking, LLC, Robert Slotter, and Kimberly Schwartz

## **DECLARATION OF SERVICE**

I, Jacob M. Sitman, attorney for Defendants R.H.S. Trucking, LLC, Robert Slotter, and Kimberly Schwartz, hereby declare that on the date set forth below, I caused copies of the proposed Order, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants' Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and this Declaration to be served upon Gary Schafkopf, Esquire, Schafkopf Law LLC, 11 Bala Ave, Bala Cynwyd, PA 19004 and Matthew Weisberg, Esquire, Weisberg Law, 8 S. Morton Avenue, Morton, PA 19070, attorneys for Plaintiff, Bryan Dicesare, by electronically filing the original aforementioned document with the Court using the Electronic Case Filing ("ECF") System. Those documents are available for viewing and downloading from the ECF System.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge, information and belief.


Date: January 2, 2018                                     /s/ *Jacob M. Sitman*
                                                          Jacob M. Sitman